# EXHIBIT 1

ØŠÒÖ

Gᴇᴄᴄᴀᴛ ᴏᴇᴜ ᴀ̈ᴵ ᴀ̈ᴊᴋ̈ᴇᴇ̈ᴀᴅᴇᴛ
Sᴏᴘ Ö̈ᴀ̈ᴏᴜ Wᴘ ᴠÝ̈
Ù Wᴜ̈Ò̈Ü̈Ọᴜ̈Ò̈ᴜ Wᴜ̈Ü̈ᴀ̈Ò̈ŠÒ̈ÜS
Ò̈Ẑ̈ØŠÒÖ
Ô̈Œᴜ̈Ò̈ᴀ̈ᴋ̈ᴀ̈ᴄᴄᴇ̈ᴄ̈ᴇ̈ᴴᴵ̀Ì̈ Ḧᴇ̈ᴀ̈ᴜ̈Œᴇ

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

GARY A. MITCHELL, an individual,

                    Plaintiff,

    v.

MERCY HOUSING, INC. DBA MERCY
HOUSING, a Nebraska Company,

                    Defendant.

Case No.              - SEA

**COMPLAINT FOR DAMAGES
AND JURY DEMAND**

Plaintiff Gary A. Mitchell ("Mitchell" or "Plaintiff"), by and through his undersigned attorneys of record, Damien N. Villarreal and Vera P. Fomina of Skidmore│Fomina, PLLC, alleges as follows:

## I.   PARTIES

    1.1   Plaintiff is a citizen of the United States and an individual residing in Whatcom County, Washington.

    1.2   Plaintiff is a former employee of Mercy Housing, Inc., DBA Mercy Housing ("Mercy").

    1.3   Defendant is registered and licensed to conduct business in Washington State, including King County.

COMPLAINT FOR DAMAGES AND JURY
DEMAND- 1

**Sᴋɪᴅᴍᴏʀᴇ│Fᴏᴍɪɴᴀ, ᴘʟʟᴄ**
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

1.4    At all times relevant, Defendant was Plaintiff's employer pursuant to RCW 49.60.040(11).

1.5    Defendant employed the Plaintiff and benefited from his labors and supervised his employment.

1.6    Defendant is liable for the alleged unlawful actions and resulting damages and remedies sought herein.

## II.    JURISDICTION AND VENUE

2.1    This Court has jurisdiction over the parties and this matter under RCW 2.08.010.

2.2    Venue is appropriate in King County under RCW 4.12.020.

## III.    FACTUAL ALLEGATIONS

3.1    On or about May 1, 2017, Mercy hired Mitchell as a Maintenance Manager.

3.2    Mitchell's work was overseen by myriad managers and supervisors, including Mercy's Area Director Ron Dirks ("Dirks").

3.3    In his position of Maintenance Manager, Mitchell was responsible for 51 units at Mercy's Sterling Meadows Apartments, 21 units at Mercy's Sterling Senior Apartments, and was on call for the 24 units at Mercy's Boundary Bay Apartments in Blaine, WA.

3.4    One of the tasks Mitchell was required to perform was lift 150-pound domestic water heaters up multiple flights of stairs.

3.5    Mitchell advised Mercy Property manager Ellie Pullman ("Pullman") about the difficulty of moving the water heaters.  Ignoring the danger of the task, Pullman responded that "the [non-disabled] person who worked here before [Plaintiff] didn't have any problem – he did it."

3.6    On or about April 30, 2019, while lifting the water heaters at work, Mitchell suffered a hernia.

COMPLAINT FOR DAMAGES AND JURY
DEMAND- 2

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

3.7     On or about May 1, 2019, Mitchell reported his injury to Pullman but received no response or guidance.

3.8     Mitchell continued to work with no accommodations as his pain persisted and worsened.

3.9     On or about June 10, 2019, Mitchell's healthcare provider Dr. Ian Bonner placed him on light duty which included pushing, pulling, and lifting restrictions.  Mitchell was also scheduled for an appointment with a hernia surgeon the following month.

3.10     That same day, Mitchell provided Pullman with his written restrictions and discussed with her the light duty parameters provided by his physician.

3.11     Mitchell began working with light duty restrictions.

3.12     On June 17, 2019, Mitchell received an email from Dirks informing him he had spoken with Mercy's Northwest Vice President Kevin Weishaar ("Weishaar") and that Mercy was now denying his light-duty restrictions and mandating that Mitchell either work without any reasonable accommodations or leave and use vacation time until he was able to return to work with no restrictions.

3.13     Unable to perform his essential job functions without a reasonable accommodation, Mitchell followed Dirks's instructions and went home on unpaid leave.

3.14     Shortly thereafter, Mitchell received multiple text messages and calls from several of Mercy's building managers, including Howard Livingston, Judy Olalia, Wendy Briggeman, and Julie Doneth expressing regret that he had resigned.

3.15     This left Mitchell deeply confused because he had not resigned.  Instead, Dirks had instructed him via email to leave work because Mercy would not engage in the interactive process to accommodate his disability.

3.16     On June 19, 2019, Mitchell saw Dr. Eric Smith with Washington State Department of Labor and Industries ("L&I") regarding his disability.

COMPLAINT FOR DAMAGES AND JURY
DEMAND- 3

SKIDMORE │ FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

3.17   Dr. Smith extended Mitchell's light duty restrictions until July 16, 2019.

3.18   The following week, when Mitchell was unable to fill his prescription at a pharmacy, he learned that his employment had been terminated and his health insurance had been cut off.

3.19   Mitchell spent the following week reaching out to Mercy's headquarters to clarify his employment status and get his health insurance reinstated.

3.20   On or about June 26, 2019, Mitchell finally spoke with Mercy's Senior Vice President of Human Resources Janice Turner ("Turner") and complained about Mercy's discriminatory and retaliatory treatment of him.  Turner told Mitchell to contact Mercy's Human Resources Business Partner Jonel Moseley.

3.21   On June 29, 2019, Mitchell emailed Moseley with his L&I Activity Prescription Form delineating his extended light duty parameters from Dr. Smith.

3.22   On July 1, 2019, Dr. Smith formally submitted Mitchell's worker's compensation claim with L&I.

3.23   That same day, Moseley wrote Mitchell to inform him that he was going to be placed back in Mercy's system as an active employee but that he was to be placed on a medical leave of absence due to his injury and that his insurance would be reinstated.

3.24   Despite the representations that he had been placed back in Mercy's system, Turner, Weishaar, Dirks, and Pullman continued to refuse to engage in the interactive process and failed to provide Mitchell with reasonable accommodations.

3.25   In or around early July 2019, L&I approved Mitchell's worker's compensation claim.

3.26   Despite multiple attempts by L&I to contact and verify Mitchell's wages, Mercy consistently failed to respond to L&I's inquiries.

COMPLAINT FOR DAMAGES AND JURY DEMAND- 4

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

3.27   On or about August 7, 2019, while still on unpaid leave due to Mercy's refusal to accommodate and engage in the interactive process, Mitchell received a FedEx envelope containing another termination letter from Mercy's Human Resources Leave Coordinator Sarah McConaghie ("McConaghie").

3.28   McConaghie backdated the termination letter to March 18, 2019, which would have been three months prior to his injury, and stated that Mitchell had failed to provide documentation substantiating his disability, and that his employment had been terminated for abandoning his job because he was off work due to his injury.

3.29   Although Mercy's management and HR, including McConaghie, Turner, Weishaar, Dirks, and Pullman had been appraised of Mitchell's disability status and the accommodations needed to return to work, nobody ever requested any further information, engaged in the required interactive process, or told him that his employment would be terminated.

3.30   On or about August 13, 2019, Mitchell wrote to McConaghie expressing his dismay at the termination based on his disability, and he updated her as to the current status of his medical condition and light duty parameters.  Mitchell never received a response to his email.

3.31   On or about August 14, 2019, although he had updated his address with Mercy and had been receiving Mercy communications to his new address, Mitchell received a package from Mercy's HR department that had been mailed by Mercy on August 8, 2019, to his old address containing Mercy's request for further information regarding his disability-based leave of absence.

3.32   Mitchell had never received that packet prior to his termination.

3.33   Upon information and belief, McConaghie, Turner, Weishaar, Dirks, and Pullman had the requisite authority to decide whether Mitchell received a reasonable accommodation for his disability.

COMPLAINT FOR DAMAGES AND JURY
DEMAND- 5

3.34    McConaghie, Turner, Weishaar, Dirks, and Pullman failed to communicate with Mitchell, follow up in any way about this second termination, or make any alternative attempts to reach Mitchell and discuss the needed accommodations.

3.35    Upon information and belief, McConaghie, Turner, Weishaar, Dirks, and Pullman were involved in the decision to terminate Mitchell's employment with Mercy due to his disability, requests for accommodation, and filing a worker's compensation claim with L&I.

3.36    As a result of Defendant's unlawful actions, Plaintiff has suffered significant economic and non-economic damages in an amount to be proven at trial.

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Disability Discrimination
### Washington Law Against Discrimination, RCW 49.60 et seq.

4.1    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.2    During his employment, Plaintiff was injured and suffered from a disability within the meaning of RCW 49.60.

4.3    Plaintiff was able to perform the essential functions of his job.

4.4    Defendant was aware of Plaintiff's disability and need for accommodation.

4.5    Plaintiff's employment was terminated while he was taking a leave of absence due to his disability and his disability was a substantial factor in the decision to terminate him.

4.6    As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
### Failure to Accommodate Disability
### Washington Law Against Discrimination, RCW 49.60 et seq.

COMPLAINT FOR DAMAGES AND JURY
DEMAND- 6

4.7    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.8    Plaintiff was disabled within the meaning of RCW 49.60.

4.9    Plaintiff was able to perform the essential functions of his job.

4.10    Plaintiff gave notice to Defendant regarding his disability and limitations and requested an accommodation.

4.11    Upon notice, Defendant failed to further accommodate Plaintiff or to engage in the interactive process and terminated Plaintiff's employment because of his requests and need for accommodations.

4.12    Defendant failed to continue to affirmatively adopt available measures that were medically necessary to accommodate his disability.

4.13    As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**Retaliation**
**Washington Law Against Discrimination, RCW 49.60.210(1)**

4.14    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.15    Plaintiff complained about Defendants' discriminatory treatment based on his disability and requested disability accommodations.

4.16    Plaintiff reasonably believed such actions to be unlawful and requesting accommodations is protected conduct.

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

4.17    Plaintiff's complaints and requests for accommodation were a substantial factor in the decision to terminate Plaintiff's employment.

4.18    As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

4.19    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.20    Plaintiff exercised his legal right by filing a workers' compensation claim with Washington State Department of Labor and Industries.

4.21    Plaintiff also engaged in protective conduct when he complained that he had been discriminated against based on his disability, requested accommodations of his disability,

4.22    Plaintiff was fired for exercising a legal right or privilege, *i.e.*, filing a workers' compensation claim with L&I and asserting rights under the WLAD.

4.23    Defendant was substantially motivated to terminate Plaintiff because he filed a workers' compensation claim, was disabled, and requested disability accommodations.

4.24    As a direct and proximate cause of defendant's actions, Plaintiff has been damaged in an amount to be proven at trial.

## V.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment in her favor and for relief as follows:

5.1    Economic damages for back pay, front pay, lost benefits, and medical expenses in an amount to be proven at trial;

COMPLAINT FOR DAMAGES AND JURY
DEMAND- 8

SKIDMORE │ FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

5.2     Damages for actual compensatory, consequential, and incidental damages as alleged herein or as proven at trial;

5.3     Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

5.4     Compensation for any tax penalty associated with a recovery;

5.5     Reasonable attorneys' fees and costs pursuant to RCW 49.60.030(2), and as otherwise allowed by any other statute or claim alleged herein, along with reasonable expert witness fees and other fees and costs incurred in prosecuting this action in an amount to be proven at trial.

5.6     Pre-judgment interest on all amounts awarded as allowed by law;

5.7     Post judgment interest; and

5.8     Such other and further relief as the Court deems just and equitable.


DATED: March 11, 2022.


/s/ Damien N. Villarreal

_____
Damien N. Villarreal, WSBA #50708
Vera P. Fomina, WSBA #49388
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES AND JURY DEMAND- 9

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

# EXHIBIT 2

ØŠÒÖ
ŒŒŒŠ Œ Ë Æ Ì Æ J Ì€€Œ Œ
S Œ Ó Á Ü W Þ VÝ
Ù Ù Ú Ü Ù Ú Ü W Ü Š Ò Ü S
Ò Š Ò Ö
Ô Œ Ü Ò Á Œ Œ Œ Ì Ì Ì Ì Á Ù Œ Œ

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

| | |
|---|---|
| Gary A. Mitchell | NO. 22-2-03583-8 SEA |
| Plaintiff(s) | ORDER SETTING CIVIL CASE SCHEDULE |
| vs | |
| | ASSIGNED JUDGE: SHAFFER, Dept. 11 |
| INC. DBA MERCY HOUSING MERCY HOUSING | |
| | FILED DATE: 03/14/2022 |
| Defendant(s) | TRIAL DATE:03/13/2023 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I.  NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the **Summons and Complaint/Petition.**  Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion.  The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this **Schedule**. In order to comply with the **Schedule**, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].
    **You are required to give a copy of these documents to all parties in this case.**

3

**I. NOTICES (continued)**

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule.  The court will review the confirmation of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

 **ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>**

3

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|------------|------------|
|   | Case Filed and Schedule Issued. | 03/14/2022 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*].<br>**$220 arbitration fee must be paid** | 08/22/2022 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 08/22/2022 |
|   | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 09/06/2022 |
|   | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 10/10/2022 |
|   | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 11/21/2022 |
|   | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 12/05/2022 |
|   | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 12/05/2022 |
|   | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 01/23/2023 |
|   | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 02/13/2023 |
|   | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 02/21/2023 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 02/21/2023 |
|   | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 02/27/2023 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 03/06/2023 |
|   | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 03/06/2023 |
|   | Trial Date [*See KCLCR 40*]. | 03/13/2023 |

The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above.  Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance.  It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:     03/14/2022

_____

PRESIDING JUDGE

IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:**  Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule

3

7 governs these motions, which include discovery motions.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time.  However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule.  In addition,  discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B.  Original Documents/Working Copies/ Filing of Documents:  All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application.  Pre-registration to accept e-service is required.  E-Service generates a record of service document that can be e-filed.  Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  **Do not file the original of the proposed order with the Clerk of the Court**.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.  The court may distribute orders electronically.  Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the  Ex Parte and Probate Department.**  Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count

includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_____
PRESIDING JUDGE

# EXHIBIT 3

ØŠÒÖ
ŒŒŠŒ ŒŒ Œ Œ Œ Œ Œ
Š Ó Û W VÝ
Ù Ú Ü Ù Û Ü Š ÒÜŠ
Ò ŠÒÖ
Ô Ò Œ Œ Œ Œ Œ Œ Œ H Ú Œ

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| Gary A. Mitchell | No. 22-2-03583-8  SEA |
| | **CASE INFORMATION COVER SHEET AND** |
| vs | **AREA DESIGNATION** |
| | (CICS) |
| Mercy Housing | |

**CAUSE OF ACTION**

MSC - Miscellaneous

**AREA OF DESIGNATION**

SEA          Defined as all King County north of Interstate 90 and including all of Interstate 90
             right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and
             all of Vashon and Maury Islands.

# EXHIBIT 4

1
2
3
4
5
6
7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| GARY A. MITCHELL, an individual, | |
| Plaintiff, | **Case No.** |
| v. | |
| | **SUMMONS** |
| MERCY HOUSING, INC. DBA MERCY HOUSING, a Nebraska company, | |
| Defendant. | |

TO THE DEFENDANT MERCY HOUSING, INC. DBA MERCY HOUSING:

A lawsuit has been started against you in the above-entitled court by Gary A. Mitchell, as Plaintiff.  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you **must respond** to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons **within 20 days** after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS - 1

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED: March 11, 2022.

/s/ Damien N Villarreal
_____
Damien N. Villarreal, WSBA #50708
Vera P. Fomina, WSBA #49388
*Attorneys for Plaintiff*

SUMMONS - 2

SKIDMORE│FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

# EXHIBIT 5

ØŠÒÖ
ŒŒGGÁŒŒÜÁ̇Ï
SŒ Õ ÁÒUWÞ VŸ
ÙÝÚ ÒÜ ØÜ ÁÒUWÙÝ ÁÒŠ ÒÜ

ÔŒÜ ÒÁÞŒŒŒ̇ Ì Ì Ḣ ÁÜ ÒŒ

IN THE SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

| | |
|---|---|
| **GARY A. MITCHELL, an individual** | Cause No.:    **22-2-03583-8 SEA** |
| Plaintiff/Petitioner | Hearing Date: |
| vs. | |
| **MERCY HOUSING, INC. DBA MERCY  HOUSING, a Nebraska Company** | DECLARATION OF SERVICE OF |
| | **SUMMONS; COMPLAINT; ORDER SETTING CIVIL CASE SCHEDULE** |
| Defendant/Respondent | |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, a resident of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness

On the **15th day of March, 2022** at **2:29 PM** at the address of **300 DESCHUTES WAY SW STE 208 MC-CSC1, Tumwater, Thurston County, WA 98501**; this declarant served the above described documents upon **MERCY HOUSING, INC. DBA MERCY HOUSING c/o CORPORATION SERVICE COMPANY, REGISTERED AGENT** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **CORPORATION SERVICE COMPANY, REGISTERED AGENT, I delivered the documents to CORPORATION SERVICE COMPANY, REGISTERED AGENT with identity confirmed by physical description. The individual accepted service in accordance with social distancing requirements (placed the documents in a clearly visible place at least six feet away from the subject and advised the subject to retrieve them after stepping away). The individual appeared to be a black-haired white female contact 45-55 years of age, 5'-5'4" tall and weighing 80-120 lbs.  Cynthia Jones.**
No information was provided or discovered that indicates that the subjects served are members of the United States military.

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 2



For: **Skidmore & Fomina, PLLC**
Ref #: **Mitchell / Mercy**

Tracking #: **0084209543**

| PLAINTIFF/PETITIONER: GARY A. MITCHELL, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MERCY HOUSING, INC. DBA MERCY HOUSING, a Nebraska Company | 22-2-03583-8 SEA |

Service Fee Total: **$83.50**

Declarant hereby states under penalty of perjury under the laws of the State of Washington that the statement above is true and correct.

Date: 03/15/2022

*Kevin Nakai*

**Kevin Nakai, Reg. # 3465919, Lewis County, WA**

**ORIGINAL PROOF OF SERVICE**
PAGE 2 OF 2


For: **Skidmore & Fomina, PLLC**
Ref #: **Mitchell / Mercy**

Tracking #: **0084209543**

# EXHIBIT 6

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| GARY A. MITCHELL, an individual, | |
| Plaintiff, | **Case No. 22-2-03583-8 SEA** |
| v. | |
| MERCY HOUSING, INC. DBA MERCY HOUSING, a Nebraska Company, MERCY HOUSING MANAGEMENT GROUP, a Nebraska Company, | **FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND** |
| Defendants. | |

Plaintiff Gary A. Mitchell ("Mitchell" or "Plaintiff"), by and through his undersigned attorneys of record, Damien N. Villarreal and Vera P. Fomina of Skidmore⎮Fomina, PLLC, alleges as follows:

## I.   PARTIES

1.1    Plaintiff is a citizen of the United States and an individual residing in Whatcom County, Washington.

1.2    Plaintiff is a former employee of Mercy Housing, Inc., DBA Mercy Housing and Mercy Housing Management Group (jointly "Mercy").

**Skidmore⎮Fomina, PLLC**
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

1.3    Defendants are registered and licensed to conduct business in Washington State, including King County.

1.4    At all times relevant, Defendants were Plaintiff's employer pursuant to RCW 49.60.040(11).

1.5    Defendants employed the Plaintiff and benefited from his labors and supervised his employment.

1.6    Defendants are jointly and severally liable for the alleged unlawful actions and resulting damages and remedies sought herein.

## II.    JURISDICTION AND VENUE

2.1    This Court has jurisdiction over the parties and this matter under RCW 2.08.010.

2.2    Venue is appropriate in King County under RCW 4.12.020.

## III.    FACTUAL ALLEGATIONS

3.1    On or about May 1, 2017, Mercy hired Mitchell as a Maintenance Manager.

3.2    Mitchell's work was overseen by myriad managers and supervisors, including Mercy's Area Director Ron Dirks ("Dirks").

3.3    In his position of Maintenance Manager, Mitchell was responsible for 51 units at Mercy's Sterling Meadows Apartments, 21 units at Mercy's Sterling Senior Apartments, and was on call for the 24 units at Mercy's Boundary Bay Apartments in Blaine, WA.

3.4    One of the tasks Mitchell was required to perform was lift 150-pound domestic water heaters up multiple flights of stairs.

3.5    Mitchell advised Mercy Property manager Ellie Pullman ("Pullman") about the difficulty of moving the water heaters.  Ignoring the danger of the task, Pullman responded that "the [non-disabled] person who worked here before [Plaintiff] didn't have any problem – he did it."

SKIDMORE│FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

3.6    On or about April 30, 2019, while lifting the water heaters at work, Mitchell suffered a hernia.

3.7    On or about May 1, 2019, Mitchell reported his injury to Pullman but received no response or guidance.

3.8    Mitchell continued to work with no accommodations as his pain persisted and worsened.

3.9    On or about June 10, 2019, Mitchell's healthcare provider Dr. Ian Bonner placed him on light duty which included pushing, pulling, and lifting restrictions.  Mitchell was also scheduled for an appointment with a hernia surgeon the following month.

3.10    That same day, Mitchell provided Pullman with his written restrictions and discussed with her the light duty parameters provided by his physician.

3.11    Mitchell began working with light duty restrictions.

3.12    On June 17, 2019, Mitchell received an email from Dirks informing him he had spoken with Mercy's Northwest Vice President Kevin Weishaar ("Weishaar") and that Mercy was now denying his light-duty restrictions and mandating that Mitchell either work without any reasonable accommodations or leave and use vacation time until he was able to return to work with no restrictions.

3.13    Unable to perform his essential job functions without a reasonable accommodation, Mitchell followed Dirks's instructions and went home on unpaid leave.

3.14    Shortly thereafter, Mitchell received multiple text messages and calls from several of Mercy's building managers, including Howard Livingston, Judy Olalia, Wendy Briggeman, and Julie Doneth expressing regret that he had resigned.

3.15    This left Mitchell deeply confused because he had not resigned.  Instead, Dirks had instructed him via email to leave work because Mercy would not engage in the interactive process to accommodate his disability.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND JURY DEMAND - 3

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

3.16    On June 19, 2019, Mitchell saw Dr. Eric Smith with Washington State Department of Labor and Industries ("L&I") regarding his disability.

3.17    Dr. Smith extended Mitchell's light duty restrictions until July 16, 2019.

3.18    The following week, when Mitchell was unable to fill his prescription at a pharmacy, he learned that his employment had been terminated and his health insurance had been cut off.

3.19    Mitchell spent the following week reaching out to Mercy's headquarters to clarify his employment status and get his health insurance reinstated.

3.20    On or about June 26, 2019, Mitchell finally spoke with Mercy's Senior Vice President of Human Resources Janice Turner ("Turner") and complained about Mercy's discriminatory and retaliatory treatment of him.  Turner told Mitchell to contact Mercy's Human Resources Business Partner Jonel Moseley.

3.21    On June 29, 2019, Mitchell emailed Moseley with his L&I Activity Prescription Form delineating his extended light duty parameters from Dr. Smith.

3.22    On July 1, 2019, Dr. Smith formally submitted Mitchell's worker's compensation claim with L&I.

3.23    That same day, Moseley wrote Mitchell to inform him that he was going to be placed back in Mercy's system as an active employee but that he was to be placed on a medical leave of absence due to his injury and that his insurance would be reinstated.

3.24    Despite the representations that he had been placed back in Mercy's system, Turner, Weishaar, Dirks, and Pullman continued to refuse to engage in the interactive process and failed to provide Mitchell with reasonable accommodations.

3.25    In or around early July 2019, L&I approved Mitchell's worker's compensation claim.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND JURY DEMAND - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

3.26    Despite multiple attempts by L&I to contact and verify Mitchell's wages, Mercy consistently failed to respond to L&I's inquiries.

3.27    On or about August 7, 2019, while still on unpaid leave due to Mercy's refusal to accommodate and engage in the interactive process, Mitchell received a FedEx envelope containing another termination letter from Mercy's Human Resources Leave Coordinator Sarah McConaghie ("McConaghie").

3.28    McConaghie backdated the termination letter to March 18, 2019, which would have been three months prior to his injury, and stated that Mitchell had failed to provide documentation substantiating his disability, and that his employment had been terminated for abandoning his job because he was off work due to his injury.

3.29    Although Mercy's management and HR, including McConaghie, Turner, Weishaar, Dirks, and Pullman had been appraised of Mitchell's disability status and the accommodations needed to return to work, nobody ever requested any further information, engaged in the required interactive process, or told him that his employment would be terminated.

3.30    On or about August 13, 2019, Mitchell wrote to McConaghie expressing his dismay at the termination based on his disability, and he updated her as to the current status of his medical condition and light duty parameters.  Mitchell never received a response to his email.

3.31    On or about August 14, 2019, although he had updated his address with Mercy and had been receiving Mercy communications to his new address, Mitchell received a package from Mercy's HR department that had been mailed by Mercy on August 8, 2019, to his old address containing Mercy's request for further information regarding his disability-based leave of absence.

3.32    Mitchell had never received that packet prior to his termination.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND JURY DEMAND - 5

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

3.33   Upon information and belief, McConaghie, Turner, Weishaar, Dirks, and Pullman had the requisite authority to decide whether Mitchell received a reasonable accommodation for his disability.

3.34   McConaghie, Turner, Weishaar, Dirks, and Pullman failed to communicate with Mitchell, follow up in any way about this second termination, or make any alternative attempts to reach Mitchell and discuss the needed accommodations.

3.35   Upon information and belief, McConaghie, Turner, Weishaar, Dirks, and Pullman were involved in the decision to terminate Mitchell's employment with Mercy due to his disability, requests for accommodation, and filing a worker's compensation claim with L&I.

3.36   As a result of Defendants' unlawful actions, Plaintiff has suffered significant economic and non-economic damages in an amount to be proven at trial.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Disability Discrimination
### Washington Law Against Discrimination, RCW 49.60 et seq.

4.1   Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.2   During his employment, Plaintiff was injured and suffered from a disability within the meaning of RCW 49.60.

4.3   Plaintiff was able to perform the essential functions of his job.

4.4   Defendants were aware of Plaintiff's disability and need for accommodation.

4.5   Plaintiff's employment was terminated while he was taking a leave of absence due to his disability and his disability was a substantial factor in the decision to terminate him.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND JURY DEMAND - 6

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

4.6    As a result of Defendants' violations, Plaintiff has been damaged in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**Failure to Accommodate Disability**
**Washington Law Against Discrimination, RCW 49.60 et seq.**

4.7    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.8    Plaintiff was disabled within the meaning of RCW 49.60.

4.9    Plaintiff was able to perform the essential functions of his job.

4.10    Plaintiff gave notice to Defendants regarding his disability and limitations and requested an accommodation.

4.11    Upon notice, Defendants failed to further accommodate Plaintiff or to engage in the interactive process and terminated Plaintiff's employment because of his requests and need for accommodations.

4.12    Defendants failed to continue to affirmatively adopt available measures that were medically necessary to accommodate his disability.

4.13    As a result of Defendants' violations, Plaintiff has been damaged in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**Retaliation**
**Washington Law Against Discrimination, RCW 49.60.210(1)**

4.14    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND JURY DEMAND - 7

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

4.15   Plaintiff complained about Defendants' discriminatory treatment based on his disability and requested disability accommodations.

4.16   Plaintiff reasonably believed such actions to be unlawful and requesting accommodations is protected conduct.

4.17   Plaintiff's complaints and requests for accommodation were a substantial factor in the decision to terminate Plaintiff's employment.

4.18   As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

4.19   Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.20   Plaintiff exercised his legal right by filing a workers' compensation claim with Washington State Department of Labor and Industries.

4.21   Plaintiff also engaged in protective conduct when he complained that he had been discriminated against based on his disability, requested accommodations of his disability,

4.22   Plaintiff was fired for exercising a legal right or privilege, *i.e.*, filing a workers' compensation claim with L&I and asserting rights under the WLAD.

4.23   Defendants were substantially motivated to terminate Plaintiff because he filed a workers' compensation claim, was disabled, and requested disability accommodations.

4.24   As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged in an amount to be proven at trial.

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

## V.    **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays judgment in his favor and for relief as follows:

5.1    Economic damages for back pay, front pay, lost benefits, and medical expenses in an amount to be proven at trial;

5.2    Damages for actual compensatory, consequential, and incidental damages as alleged herein or as proven at trial;

5.3    Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

5.4    Compensation for any tax penalty associated with a recovery;

5.5    Reasonable attorneys' fees and costs pursuant to RCW 49.60.030(2), and as otherwise allowed by any other statute or claim alleged herein, along with reasonable expert witness fees and other fees and costs incurred in prosecuting this action in an amount to be proven at trial.

5.6    Pre-judgment interest on all amounts awarded as allowed by law;

5.7    Post judgment interest; and

5.8    Such other and further relief as the Court deems just and equitable.

DATED: March 21, 2022.

*/s/ Damien N. Villarreal*

_____
Damien N. Villarreal, WSBA #50708
Vera P. Fomina, WSBA #49388
*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT FOR DAMAGES
AND JURY DEMAND - 9

SKIDMORE|FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

# EXHIBIT 7

1
2
3
4
5
6
7
8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

9

10

11

12

13

14

15

| | |
|---|---|
| GARY A. MITCHELL, an individual, | |
| Plaintiff, | **Case No. 22-2-03583-8 SEA** |
| v. | |
| MERCY HOUSING MANAGEMENT GROUP, a Nebraska Company, | **SUMMONS** |
| Defendant. | |

16

TO THE DEFENDANT MERCY HOUSING MANAGEMENT GROUP:

17
18
19
20

  A lawsuit has been started against you in the above-entitled court by Gary A. Mitchell, as Plaintiff.  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

21
22
23
24
25
26

  In order to defend against this lawsuit, you **must respond** to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons **within 20 days** after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS - 1

SKIDMORE | FOMINA, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons.  Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED: March 21, 2022.

*/s/ Damien N Villarreal*
_____
Damien N. Villarreal, WSBA #50708
Vera P. Fomina, WSBA #49388
*Attorneys for Plaintiff*

SUMMONS - 2

# EXHIBIT 8

The Honorable Catherine Shaffer, Dept. 11
Trial Date: March 13, 2023

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

GARY A. MITCHELL, an individual,

        Plaintiff,

   v.

MERCY HOUSING, INC. DBA MERCY
HOUSING, a Nebraska Company, MERCY
HOUSING MANAGEMENT GROUP, a
Nebraska Company,

        Defendants.

Case No. 22-2-03583-8 SEA

**NOTICE OF APPEARANCE**

TO:          Clerk of the Court

AND TO:    Gary A. Mitchell, Plaintiff

AND TO:    Damien N. Villarreal and Vera P. Fomina, Skidmore Fomina, PLLC,
                Plaintiff's Attorneys of Record

    PLEASE TAKE NOTICE that Defendants MERCY HOUSING, INC. d/b/a MERCY

HOUSING and MERCY HOUSING MANAGEMENT GROUP, without waiving any defense of

lack of jurisdiction, improper venue, insufficiency of process, or insufficiency of service of process,

hereby enters its appearance in the above-entitled action by and through the undersigned attorneys

and requests that notice of all further proceedings in said action, except original process, be served

upon the undersigned at the address stated below:

NOTICE OF APPEARANCE - 1
Case No. 22-2-03583-8 SEA

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Thomas P. Holt, WSBA #39722
tholt@littler.com
Birgitte M. Gingold, WSBA #50630
bgingold@littler.com
Littler Mendelson, P.C.
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone:  206.623.3300
Fax:  206.447.6965

Dated: March 23, 2022

/s Thomas P. Holt
Thomas P. Holt, WSBA #39722
tholt@littler.com
Birgitte M. Gingold, WSBA #50630
bgingold@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone: 206.623.3300
Fax:     206.447.6965

Attorneys for Defendants

NOTICE OF APPEARANCE - 2
Case No. 22-2-03583-8 SEA

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

## CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. On March 23, 2022, I

| | |
|---|---|
| X | **ELECTRONICALLY FILED** the foregoing document(s) via the King County Superior Court E-Filing System and served a copy via the King County e-filing application, per Amended Local General Rule 30 requiring mandatory e-service of all electronic court filings. |
| ☒ | **EMAIL** to the email address(es) of the person(s) set forth below*, as a courtesy copy*. |
| ☐ | **EMAIL** to the email address(es) of the person(s) set forth below*, pursuant to the parties' e-mail service agreement.* |
| ☐ | **U.S. MAIL** by placing a true copy for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Seattle, Washington addressed as set forth below. |
| ☐ | **OVERNIGHT DELIVERY** by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery and addressed as set forth below. |
| ☐ | **PERSONAL DELIVERY** via legal messenger by causing a copy of the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below. |
| | **Attorneys for Plaintiff**<br><br>Damien N. Villarreal, WSBA #50708<br>Vera P. Fomina, WSBA #49388<br>SKIDMORE FOMINA, PLLC<br>14205 SE 36th Street, Suite 100<br>Bellevue, WA 98006<br>Tel: (425) 519-3656<br>dvillarreal@skidmorefomina.com<br>vfomina@skidmorefomina.com |

I declare under the penalty of perjury under the laws of the State of Washington that the above is true and correct.

Executed on March 23, 2022, at Seattle, Washington.

/s Karen Fiumano Yun
Karen Fiumano Yun
kfiumano@littler.com
**LITTLER MENDELSON, P.C.**

4884-6126-4408.1 / 999999-5770

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

# EXHIBIT 9

ØŠÒÖ
ŒŒŒGÁTŒÜÁŠ
SŒÓÁÒUWŀVŸ
ÙWÚÒÜŒÙÜÁÒUWÜVÁÓŠÒÜS

ÔŒÜÒÁÄŒŒŒŠŒÊ-ŀ Ì ÍÁÙŒŒ

IN THE SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

| | |
|---|---|
| **GARY A. MITCHELL, AN INDIVIDUAL**<br><br>                    Plaintiff/Petitioner<br><br>vs.<br><br>**MERCY HOUSING MANAGEMENT GROUP, A<br>NEBRASKA COMPANY**<br><br>                    Defendant/Respondent | Cause No.:   **22-2-03583-8 SEA**<br>Hearing Date:  **03/13/2023**<br><br>DECLARATION OF SERVICE OF<br>**SUMMONS; ORDER SETTING CIVIL CASE SCHEDULE;<br>FIRST AMENDED COMPLAINT** |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, a resident of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness

On the **23rd day of March, 2022** at **3:05 PM** at the address of **300 DESCHUTES WAY SW STE 208 MC-CSC1, Tumwater, Thurston County, WA 98501**; this declarant served the above described documents upon **MERCY HOUSING MANAGEMENT GROUP c/o CORPORATION SERVICE COMPANY, REGISTERED AGENT** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **CORPORATION SERVICE COMPANY, REGISTERED AGENT, I delivered the documents to CORPORATION SERVICE COMPANY, REGISTERED AGENT with identity confirmed by physical description. The individual accepted service in accordance with social distancing requirements (placed the documents in a clearly visible place at least six feet away from the subject and advised the subject to retrieve them after stepping away). The individual appeared to be a black-haired white female contact 45-55 years of age, 5'-5'4'' tall and weighing 80-120 lbs.  Cynthia Jones**.
No information was provided or discovered that indicates that the subjects served are members of the United States military.

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 2

For: Skidmore & Fomina, PLLC
Ref #: Mitchell / Mercy

Tracking #: **0084673322**



| PLAINTIFF/PETITIONER:  GARY A. MITCHELL, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  MERCY HOUSING MANAGEMENT GROUP, A NEBRASKA COMPANY | 22-2-03583-8 SEA |

Service Fee Total: **$83.50**

Declarant hereby states under penalty of perjury under the laws of the State of Washington that the statement above is true and correct.

Date:   03/23/2022

_Kevin Nakai_

Kevin Nakai, Reg. # 3465919, Lewis County, WA

**ORIGINAL PROOF OF SERVICE**
PAGE 2 OF 2


For: **Skidmore & Fomina, PLLC**
Ref #: **Mitchell / Mercy**


Tracking #: **0084673322**

# EXHIBIT 10

The Honorable Catherine Shaffer, Dept. 11
Trial Date: March 13, 2023

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

GARY A. MITCHELL, an individual,

                Plaintiff,

     v.

MERCY HOUSING, INC. DBA MERCY
HOUSING, a Nebraska Company, MERCY
HOUSING MANAGEMENT GROUP, a
Nebraska Company,

                Defendants.

Case No. **22-2-03583-8 SEA**

NOTICE OF APPEARANCE

TO:        Clerk of the Court;
AND TO:   Defendant and its counsel of record;

PLEASE TAKE NOTICE that Vera P. Fomina, attorney at Skidmore & Fomina, PLLC, hereby

appears in the above-entitled matter as supplemental counsel for Plaintiff Gary A. Mitchell along

with Damien N. Villarreal who has already appeared in this matter and hereby requests that all

further pleadings or papers be served upon the undersigned counsel at the address below stated.

DATED: March 24, 2022.

*/s/ Vera P. Fomina*
Vera P. Fomina, WSBA #49388
Skidmore & Fomina, PLLC
14205 SE 36th Street, Suite 100
Bellevue, WA 98006
vfomina@skidmorefomina.com
*Attorney for Plaintiff*

NOTICE OF APPEARANCE - 1

1

## <u>CERTIFICATE OF SERVICE</u>

2

3        I hereby certify that on March 24, 2022, I electronically filed the foregoing with the Clerk

4   of the Court using the ECF system which will send notification of such filing to the parties who

5   have appeared in this case.

6                                          Skidmore Fomina, PLLC
                                           */s/ Vera P. Fomina*
7                                          Vera P. Fomina, WSBA #49388
                                           vfomina@skidmorefomina.com
8                                          *Attorney for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPEARANCE - 2